UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALICIA SPRAGUE,

                    Plaintiff,                **AFFIDAVIT**

vs.

T.C. INN, INC. d/b/a THE OLD SCHOOLHOUSE
INN & RESTURANT & JULIE MARKERT,        Civil Action No.:
                                    3:19-CV-1263 (LEK/ML)

                  Defendants.

Julie Markert, being duly sworn, deposes and states:

1.      I am an owner of T.C. Inn, Inc., fully familiar with the acts herein and submit this affidavit in support of the cross-motion by T.C. Inn, Inc. and in opposition to the motion by Alicia Sprague ("Sprague").

2.      I have reviewed the Affirmation of David Abrams, Esq. dated August 31, 2020 together with Plaintiff's "Statement of Material Facts."

3.      T.C. Inn, Inc. has operated a restaurant known as "The Old Schoolhouse Inn & Restaurant located in Downsville, New York for over thirty (30) years. It currently employs approximately fifteen (15) individuals.

4.      Throughout the employment of Alicia Sprague ("Sprague") I posted current copies of the New York State Department of Labor Wage Notice, and a copy of my trade association flyer (samples are attached as Exh. "D"). These were visible to all employees.

5.      Sprague was employed as a server by T.C. Inn, Inc. from approximately September 21, 2015 until approximately May 25, 2019. She was also employed as a part-time bartender from approximately June, 2016 until approximately May 25, 2019.

6.      Sprague approached me in approximately September 2015. She asked about a job. Sprague and I then discussed her wages. I advised her that she had to fill out tip slips and return to me by Wednesday each week (copies of tip slips are attached as Exh. "E"). That due day was required because all employees were paid on Thursday each week. I told her that the tips were added to her hourly rate to produce the total taxable wage. Tips included both cash tips and credit card tips. I told her that her compensation would not be reduced even if the hourly rate plus tips exceeded the minimum wage. I did not feel that it would be fair to not allow employees to keep all tips.

7.      During her employment Sprague's duties included, but were not limited to, the following:

   a.  Serving customers

   b.  Making and serving drinks

8.      Wages were calculated on a weekly basis. Employees, including Sprague, filled out a time sheet detailing their hours worked. They also filled out tip sheets. These were combined to show the total compensation. The employees were then given a check for total compensation less required deductions. A check attachment was also available which detailed these calculations.

9.      Sprague was provided and/or received check attachments during her employment (copies from October 8, 2015 through May 30, 2019 are attached as Exh. "F").

10.      The payroll check attachments provided to Sprague show the following:

   a.  Name of the employer – Old Schoolhouse Restaurant

   b.  Address of employer - P.O. Box Q, Main Street, Downsville, New York

2

13755

    c.  Telephone number of employer – (607) 364-7814

    d.  Payroll period – one (1) week

    e.  Cash wage rate - $7.50/hr. from January 1, 2016 through May 30, 2019

    f.  Deductions

    g.  Tips

    h.  Net pay

11.    Sprague's estimates of time worked are not credible and not supported by any evidence. I never authorized her to work overtime. I never directed her or knowingly allowed her to work overtime.

12.    I audited the employment schedules and pay stubs for Sprague from 2015 through 2019. During the entire time of her employment, there were only two (2) times when Sprague worked more than forty (40) hours in a week – 40.5 hours during the week of August 6-12, 2019 and 40.75 hours during the week of October 8-14, 2019. These two (2) incidents were de minimus clerical errors and not discovered until my recent audit.

13.    The documents and my audit establish that during her employment, Sprague was always actually paid more than the total hourly wage for tipped employees. Her wages always exceeded both the federal and state minimum wage when cash and tips are included.

14.    During Sprague's employment I reviewed the NYSDOL poster and believed that I was in compliance. I provided the wage breakdown to Sprague and never received any complaint about the calculation of her wages. To my knowledge no employee ever complained to either the NYSDOL or the USDOL. I never received any notification of any violation from any

governmental agency. I have attempted to keep up with the requirements of both state and federal requirements. A failure, if any was due to my mistaken understanding of those requirements.

Julie Markert

Sworn to before me this __15th__
day of September, 2020.

Notary Public

JOSEPH J. STEFLIK, JR.
Notary Public, State of New York
No. 02ST9165050
Qualified in Broome County
Commission Expires Dec. 31, 20 22