UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
ALICIA SPRAGUE,

                               Plaintiff,

   -against-                                                3:19-CV-1263 (LEK/MJ)

T.C. INN d/b/a THE OLD
SCHOOLHOUSE INN & RESTAURANT
& JULIE MARKERT,

                               Defendants.
─────────────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

Presently before the Court are Plaintiff's motion for attorney's fees and to fix pre-judgment interest, and Defendants' opposition to Plaintiff's motion and cross motion to stay enforcement of any judgment. Dkt. Nos. 46 ("Motion"), 46-2 ("Plaintiff's Memorandum of Law"), 49 ("Defendants' Opposition and Cross-Motion"), 49-6 ("Defendants' Memorandum of Law"), 50 ("Plaintiff's Response"), and 51 ("Defendants' Reply"). For the reasons stated below, Plaintiff's Motion is granted in part and deferred in part, while Defendant's cross-motion is denied.

**II.    BACKGROUND**

This case stems from an employment dispute in which Plaintiff alleged violations by Defendants of the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL"). Dkt. No. 1 ("Complaint") ¶¶ 1, 22, 26; see also Dkt. No. 44 ("Summary Judgment Order") at 1–2. The facts surrounding the case are discussed more thoroughly in the Summary Judgment Order.

On August 16, 2021, the Court granted Plaintiff's motion for partial summary judgment and ordered that judgment be entered for Plaintiff in the amount of $38,017.98 ($14,008.99 for the minimum wage claim plus $14,008.99 in liquidated damages plus $5,000 in statutory damages under NYLL § 198(1-b) plus $5,000 in statutory damages under NYLL § 198(1-d)) plus prejudgment interest and reasonable attorney's fees. See id. at 20–21[1]; see also Dkt. No. 45.

On August 30, 2021, Plaintiff filed her Motion. See Docket; see also Motion. Then, on September 9, 2021, Defendants filed a notice of appeal regarding the Court's grant of partial summary judgment. See Dkt. No. 47 ("Notice of Appeal"). Next, on September 30, 2021, Defendants filed their Opposition and Cross-Motion. See Docket; see also Defendants' Opposition and Cross-Motion. Afterwards, Plaintiff responded to Defendants' Cross-Motion, and Defendants filed a reply to Plaintiff's Response. See Plaintiff's Response and Defendants' Reply.

**III.   DISCUSSION**

  **A.   Clarification of Pre-Judgment Interest**

Plaintiff asks that prejudgment interest should be fixed at $5043.23. See Pl.'s Mem. of Law at 2. Because the Court made no calculation as to prejudgment interest in the Summary Judgment Order, the Court construes Plaintiff's request as one for clarification. See Vazquez v. 142 Knickerbocker Enter., Corp., 409 F. Supp. 3d 81, 86 (E.D.N.Y. 2018). Although Defendants do not dispute Plaintiff's calculation, the Court disagrees with Plaintiff's methodology.

$5043.23 comes from Plaintiff multiplying $14,008.98 (back wages owed) by 9% (interest rate) by 4 years. See Pl.'s Mem. of Law at 2. However, this is not entirely correct. The

---

[1] Although not relevant here, for the FLSA overtime claims, the Court granted Defendants' motion for summary judgment in part and denied in part. See Summary Judgment Order at 20.

Court previously found the midpoint of Plaintiff's employment was July 27, 2017. Summary Judgment Order at 20 n.6; see also Hengjin Sun v. China 1221, Inc., No. 12-CV-7135, 2016 WL 1587242, at *6 (S.D.N.Y. Apr. 19, 2016) ("Courts applying NYLL in wage-and-hour cases often choose the midpoint of the plaintiff's employment within the limitations period.") (internal quotations and citations omitted). Thus, the Court will calculate prejudgment interest from the midpoint until the date of judgment (August 16, 2021), a total of period of 1482 days, which is slightly more than 4 years. See also id. ("Accordingly, the Court will award prejudgment interest on each Plaintiff's NYLL wage claims in the amount of 9% per year, starting from the midpoint of each Plaintiff's employment within the limitations period, through the date of judgment, April 19, 2016.").

A more accurate calculation of prejudgment interest is $5119.23 ($14,008.98 x (9% ÷ 365) x 1482 days). Thus, the Court will modify the judgement to reflect the prejudgment interest amount.

B. Motion for Attorney's Fees

As to Plaintiff's fee motion, Rule 54(d) of the Federal Rules of Civil Procedure states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing

under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note (1993).

This Court is mindful that other district courts within the Second Circuit tend to deny motions for attorney's fees without prejudice pending the resolution of an appeal on the merits. See, e.g., Topps Co., Inc. v. Koko's Confectionary & Novelty, No. 16-CV-5954, 2020 WL 6082093, at *2 (S.D.N.Y. Oct. 15, 2020) ("[s]ince the pending Rule 54 motion[ ] turn[s] on which party is the 'prevailing party' for purposes of entitlement to fees and costs, it is clear that the resolution of plaintiff's pending appeal on the merits could potentially impact [the Court's] determination of the [fee] motion[].") (quoting Matsumura v. Benihana Nat. Corp, No. 06-CV-76009, 2010 WL 1783552, at *1 (S.D.N.Y. Apr. 23, 2010)); Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc., No. 18-CV-8481, 2021 WL 3159764, at *2 (S.D.N.Y. June 18, 2021) (denying "Plaintiff's motion for attorney's fees and costs as premature, without prejudice to renewal within 14 days of the entry of the appellate mandate."); Mhany Mgmt. Inc. v. Inc. Vill. of Garden City, 44 F. Supp. 3d 283, 286–87 (E.D.N.Y. 2014) (deferring ruling on motion for attorneys' fees until after Second Circuit rendered decision); Doe ex rel. Doe v. E. Lyme Bd. of Educ., No. 11-CV-291, 2014 WL 4370504, at *3 (D. Conn. Sept. 2, 2014) (denying plaintiffs' motion for attorneys' fees and costs "without prejudice to renew such motion no later than fourteen (14) days after the date a ruling on the merits of the cross-appeals by the Second Circuit is entered on the docket of this district court.").

At this time, the Court will instead order Plaintiff to disclose the terms of her fee arrangement within fourteen days of this Decision and Order. See Fed. R. Civ. P. 54(d)(2)(B)(iv) (providing that "[u]nless a statute or a court order provides otherwise," a motion for attorney's

4

fees "must disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made"). Once the Court receives the fee agreement, the Court will accordingly rule on Plaintiff's motion for attorney's fees. Thus, Plaintiff's motion is deferred for the time being.

### C. Motion to Stay Enforcement

Rule 62 of the Federal Rules of Civil Procedure governs a stay of a proceeding to enforce a district court's judgment. Fed. R. Civ. P. 62. Rule 62(b) establishes that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." "Assuming the Court approves the bond or other security provided, the party is entitled to a stay as a matter of right." Georgiev v. Adsad, LLC, No. 19-CV-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing Cohen v. Metro. Life Ins. Co., 334 F. App'x 375, 378 (2d Cir. 2009)). "While Rule 62 outlines the mechanism for how a stay may be obtained when an appeal is pending, it does not limit the district court's inherent power to issue a stay in a manner that does not fall within the scope of the Rule, including a stay without requirement for a bond." Lomonoco v. Saint Anne Inst., No. 15-CV-1163, 2019 WL 967011, at *2 (N.D.N.Y. Feb. 28, 2019) (citation and quotations removed).

The Supreme Court and the Second Circuit have specified the factors to be considered when deciding a motion for a stay of proceedings pending an appeal:

> The four factors to be considered in issuing a stay pending appeal are well known: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Furthermore, the Second Circuit has also explained that "[a] district court . . . may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" In re Nassau Cnty Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015). The Second Circuit has adopted a non-exclusive list of factors for the Court to consider when determining whether to waive the Rule 62 bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

Id. at 417–18 (quoting Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).

"There is conflicting authority as to whether a stay of a monetary judgment requires the movant to satisfy the traditional stay factors – including likelihood of success and irreparable harm – in addition to Rule 62's requirements, or whether satisfaction of Rule 62's requirements is alone sufficient." U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC, No. 16-CV-7544, 2020 WL 2216660, at *9 (S.D.N.Y. May 7, 2020). This Court need not resolve this conflict because Defendants fail under both tests.

First, Defendants merely state that the matter is currently under appeal and there remains issues that have to be resolved by trial or motion. Defs.' Mem. of Law at 5. This is not sufficient. Under the Hilton factors, Defendants do not demonstrate their likelihood of success or

irreparable harm they would face absent a stay. Defendants' failure to even address the Hilton factors indicates they have not made a sufficient showing to justify a stay.

Second, the Nassau factors "are a tool geared toward ensuring a meaningful outcome for the prevailing party, and not a device for easing the judgment burden on the losing party." Petersen-Dean, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., No. 19-CV-11299, 2020 WL 1989493, at *3 (S.D.N.Y. Apr. 24, 2020) (collecting cases). Courts waive the bond requirement when "a court is satisfied that the debtor would be able to pay the judgment with ease." Butler v. Ross, No. 16-CV-1282, 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017). This is not the case here because instead of seeking a waiver, Defendants appear willing to file a Rule 62 bond. See Dkt. No. 49-1 ¶ 21 ("Alternatively T.C. Inn requests that the court allow it to file a supersedes bond pursuant to Fed. R. Civ. P 62 and set the amount of such bond"). Without anything else to indicate otherwise, the Court is not satisfied that Defendants would pay the judgment with ease. Accordingly, Defendants' cross-motion is denied.

Finally, the Court recognizes that Defendants want to file a bond pursuant to Rule 62 and are seeking the Court's approval to do so. Id. Defendants are able to provide a bond or other security without the Court's blessing, but the stay will not be effected until the Court approves the bond or security. Fed. R. Civ. P. 62(b). Additionally, instead of setting an amount, the Court reminds Defendants that the usual requirement is "a full security supersedeas bond to suspend the operation of an unconditional money judgment." Tchrs. Ins. & Annuity Ass'n of Am. v. Ormesa Geothermal, No. 87-CV-1259, 1991 WL 254573, at *3 (S.D.N.Y. Nov. 21, 1991). It is also worth remembering that "[t]he filing of a bond or other security does not have a retroactive effect." 12 MOORE'S FEDERAL PRACTICE - CIVIL § 62.03.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that with respect to fixing pre-judgment interest, Plaintiff's motion (Dkt. No. 46) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that the Clerk of the Court will modify the judgment (Dkt. No. 45) to reflect the prejudgment interest in the amount of $5119.23; and it is further

**ORDERED**, that with respect to attorney's fees, Plaintiff's motion (Dkt. No. 46) is **DEFERRED** and Plaintiff is required to disclose the terms of her fee arrangement within fourteen days of this Decision and Order; and it is further

**ORDERED**, that Defendants' cross-motion to stay enforcement (Dkt. No. 49) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 21, 2021
         Albany, New York

Lawrence E. Kahn
U.S. District Judge